## Newt. Mahaney v. The State.

No. 2866.   Decided June 7, 1905.

**Aggravated Assault—Principal—Accomplice—Guilty Knowledge.**

There must be some complicity of the accomplice, or some guilty acting together with the principal before the former can be found guilty. The mere fact that the accomplice paid or offered to pay money provided the principal would whip prosecuting witness would not per se authorize his conviction of an aggravated assault, unless he induced the principal to make the assault; but where the evidence did not show acquiescence or agreement or even guilty knowledge of the principal as to defendant's desire to have him whip the prosecutor, it was insufficient to sustain a conviction of defendant.

Appeal from the County Court of Comanche. Tried below before Hon. W. C. Jackson.

Appeal from a conviction of aggravated assault; penalty, a fine of $25.

The testimony for the State that defendant was implicated in the assault was that of the witness Ray, who testified that he stopped to see what was occurring among a crowd of men who had gathered on the street, and that he saw Bill Brown, brother of Bolivar Brown, who was alleged to have assaulted Dr. Houghton, pass his hat around asking different persons to contribute towards paying said Bolivar's fine to fight, and that he saw among others, the defendant put $2.50 into

the hat.  That the crowd then moved towards Dr. Houghton's office and that witness learned that the fight between the Doctor and Bolivar came off, etc.  The two Browns, Jerry and defendant, denied that the latter had made the contribution as stated by Ray, and there was no other testimony except Ray's that such, or any contribution was made by defendant, or that he participated in any manner directly or indirectly in the assault.

*Oscar Callaway,* for appellant.—Spear v. State, 2 Texas Crim. App., 244.

*Howard Martin,* Assistant Attorney-General, for the State.—The theory of the State was that appellant was a principal with one Bolivar Brown, in committing the assault upon prosecutor, O. P. Houghton.  The evidence fails to show that appellant himself inflicted wounds, but the State submits that it is amply sufficient to show that he was a principal with said Brown and others.  The testimony shows that he contributed $2.50 to pay the fine of Brown, if he would fight prosecutor.  It was not necessary for him to be present when the assault was committed, if he was an accomplice—this being a misdemeanor case it is sufficient to warrant a conviction as principal.  The State submits that the testimony is sufficient to warrant the conclusion that he encouraged and advised Brown in the commission of the offense.

BROOKS, JUDGE.—Appellant was convicted of an aggravated assault, and his punishment fixed at a fine of $25.  The indictment charges that appellant and others "did then and there unlawfully commit an aggravated assault in and upon C. R. Houghton with premeditated design and by the use of means calculated to inflict great bodily injury upon the said C. R. Houghton to wit: by the use of their fists, and they did then and there by the means aforesaid strike, wound and bruise the said C. R. Houghton," etc.  The evidence before us shows that one Bolivar Brown, sought out the prosecuting witness Houghton and viciously assaulted him and violently beat him.  There is some evidence in the record to show that appellant contributed something towards paying the contemplated fine of the codefendant Brown, provided he would whip said Houghton.  But the evidence does not show that said Brown ever acquiesced or had cognizance of any agreement to pay the said fine or effort on the part of appellant to pay or get up money to pay it.  There must be some complicity of the accomplice, or some guilty acting together with the principal, before appellant can be found guilty.  The mere fact that he paid or offered to pay money, provided Brown would whip prosecuting witness, would not per se authorize his conviction of an aggravated assault.  The evidence is not of that conclusive character authorizing this court to affirm the verdict.  If the defendant offered Brown money to assault prosecuting witness, or induced him by any other means to do so, he

could be properly prosecuted; but bare desire or inclination to pay the fine, or a bare offer disassociated from the principal and unknown to him, would not authorize the conviction of the defendant in this case. The evidence being insufficient to support the conviction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*